UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAP WINN,

    Petitioner,

v.

MARK MCCULLICK,

    Respondent.

Case No. 2:19-CV-11486
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Cap Winn, ("petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder, Mich. Comp. Laws § 750.317. For the reasons stated below, the application for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

### I. FACTUAL BACKGROUND

Petitioner was convicted in the Wayne County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Winn*, No. 345371 (Mich. Ct. App. Oct. 12, 2018), *lv. Den.* 503 Mich. 1001, 924 N.W.2d 577 (2019).

On May 16, 2019, petitioner filed a petition for writ of habeas corpus with this Court.[1]

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on May 16, 2019, the date that it was signed and dated. *See Towns v. U.S.*, 190 F. 3d 468, 469 (6th Cir. 1999).

Respondent filed an answer to the petition. As part of the answer, respondent argues that the petition is subject to dismissal because several of the claims raised by petitioner have not been exhausted in the state courts. (ECF No. 6, PageID. 33, 68-70).

## II. DISCUSSION

The instant petition is subject to dismissal because several of petitioner's claims were not exhausted with the state courts.

A state prisoner who seeks federal habeas relief must exhaust his or her available state court remedies before raising that claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss mixed habeas petitions which include both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

> Petitioner in the state courts presented two claims:
>
> I. Defendant-Appellant Cap Devener Winn should have been allowed to withdraw his plea prior to being sentenced once it was revealed that the plea he entered may have been involuntary in nature; and
>
> II. Defendant-Appellant Cap Deventer Winn [was] denied the assistance of counsel during a critical stage of the proceedings (plea), because his pre-plea request for another attorney was denied despite evidence of a break-down in the attorney-client relationship.

Petitioner raises these two claims in his petition. Petitioner, however, also raises several additional claims which he did not present to the state appellate courts. Petitioner argues that the prosecutor violated *Brady v. Maryland*, 373 U.S. 83, 87 (1963) by failing to turn over discovery to the defense. (ECF No. 1, PageID. 12). Petitioner further alleges that his right to process was

violated when the prosecutor or police coerced or intimidated witnesses into incriminating petitioner and then testifying against him. (ECF No. 1, PageID. 15-19). Petitioner also raises a new ineffective assistance of counsel claim involving trial counsel's alleged failure to investigate certain defenses or to obtain and share the discovery package with petitioner. Petitioner also claims that trial counsel was ineffective for failing to be aware of petitioner's Attention Deficit Disorder and petitioner's need for medication for that condition. (ECF No. 1, PageID. 19-20). A review of petitioner's appellate briefs presented in the Michigan Court of Appeals and Michigan Supreme Court show that none of these claims were raised in either brief. (ECF No. 7-4, PageID. 134-50, ECF No. 7-5, PageID. 162-75). None of these claims have been exhausted with the state courts.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). Petitioner could exhaust these claims by filing a post-conviction motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to exhaust any claims that he raises in his post-conviction motion. *See e.g. Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his or her unexhausted claims to the state court in the first instance, *See Rhines v. Weber*, 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because there are no

exceptional or unusual circumstances present that justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on April 2, 2019. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his or her conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) starts running not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period to seek certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner did not seek a writ of certiorari with the United States Supreme Court, thus, his judgment became final, for the purpose of commencing the running of the one year limitations period, on July 1, 2019. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on May 16, 2019, before the one year statute of limitations even began to run. This Court is dismissing the petition without delay so that petitioner can return to the state courts to exhaust his claims. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner at this point has almost six months remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate

to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). Accordingly, the petition is dismissed without prejudice.

### III. Conclusion

The petition for writ of habeas corpus is dismissed without prejudice. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker*, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had

failed to exhaust these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** That a Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: 1-27-20

HONORABLE NANCY G. EDMUNDS
**UNITED STATES DISTRICT JUDGE**